TUCKER *vs.* LILES.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
OF THE EIGHTH PRESIDING.

Where a contract is entered into, while the party was a *femme covert*, and some act is shown by her, to have taken place after she became a *femme sole*, by which she ratified it, it will be binding on her.

So where the defendant is sued on her note, executed while a *femme covert*, for part of the price of a tract of land, and she retains possession of the land, after her husband died, it will be considered a ratification of the contract, and binding on her.

This action is founded on the following promissory note :

" On the first day of January, 1831, we, or either of us, promise to pay to Henry Tucker or bearer, the sum of four hundred and fifty dollars, for value received, this 26th day of January, 1829. "                 " Thomas C. Black, "

                                                                her
                                    " Drucilla ‖ Liles.
" Witness, "                                    mark.
          " Robert Wilson. "

The plaintiff is the minor daughter of the payee of the note and sues the defendant Liles alone, by her curator *ad litem* John S. Gayle, and prays judgment against the defendant Liles, for the amount of the note, and interest.

The defendant admits her signature to the note, but says she was a married woman at the time, and was not aware, that she was incapable of contracting ; but she now declares, she is not liable in law to pay the note sued on, &c.

The evidence showed, that the defendant was the wife of one Valentine Liles, at the time she signed the note ; their marriage was proved by general reputation ; and that they lived together as man and wife. It was also in proof, that Liles the husband, died about the 11th February, 1830. This suit was brought, filed the 17th January, 1831.

Both parties gave in evidence, the record of a suit and judgment, on the first of these notes, (being similar to the one sued on, and given for the first instalment of a tract of land,)

on which execution issued, and the land sold to pay the judgment.

The defendant did not plead her coverture to the first note, when sued on it, but let judgment go by default.

The plaintiff relied on a ratification of this contract, by the defendant, after the death of her husband, in making a partial payment, on the first of the notes given for the land ; the one in the present suit being for the second instalment. The receipt for the partial payment reads thus : " Received on the within note, two hundred and twenty-five dollars. *January 19th,* 1830. " But the evidence shows that Liles the husband, died the 11th February, 1830, after the date of this payment.

The Jury returned a verdict for the plaintiff, for the whole amount of the note, with interest, upon which judgment was rendered accordingly. After an unsuccessful motion for a new trial, the defendant appealed.

An opinion was pronounced in this case, at the August term, 1832, in which the judgment of the District Court was affirmed. *See the opinion printed in* 4 *La. Reports,* 328,

This case was argued at the August term, 1832, at Baton Rouge, by *Mr. Saunders* for the plaintiff, and *Mr. Andrews* for the defendant.

*Mr. Andrews,* of counsel for the defendant and appellant, applied for a re-hearing.

1. That the court has fallen into an error, in deciding that although plaintiff was a *femme covert* when she signed the note, she ratified the contract, by making a partial payment after she became a *femme sole.* The testimony shows, and so the fact is, that the husband died, the 11th February, 1830, and the partial payment was made the 19th January, 1830, preceding his death, and while she was yet a *femme covert.*

2. The partial payment was not made on the note in the present suit.

WESTERN DIST. *August*, 1834.

STATE *vs.* HAY ET ALS.

Where a contract is entered into while the party was a *femme covert* and some act is shown by her to have taken place after she became a *femme sole* by which she ratified it, it will be binding on her. So where the defendant is sued on her note, executed while a *femme covert*, for part of the price of a tract of land, and she retains possession of the land after her husband died, it will be considered a ratification of the contract and binding on her.

On examination of the record pending the application for a re-hearing, it appeared the record and judgment on the note, given for the first instalment of the price of the land, for which the note now in suit was also given, was in evidence, which showed, that the defendant and appellant, remained in the *possession of the land, after the death* of her husband. This fact is considered as a ratification of the contract, for which the note sued on was given, after she became a *femme sole.*

*Martin J.,* delivered the opinion of the court at this term, (August, 1834,) on the re-hearing. At the request of the appellant, a re-examination of this case, has taken place ; but it has resulted in the conviction, that our former judgment is not incorrect. It appears from a re-examination of the evidence, that the appellant retained possession of the land, after the death of her husband, and thereby ratified the contract, on which the note is given, after she became a *femme sole.*

It is, therefore, ordered, adjudged and decreed, that the *judgment* formerly rendered in this case, remain the unaltered judgment of the court, as if no re-hearing had ever been granted.